# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WAYNE COLE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION 17-0544-WS-N |
| | ) |
| CYNTHIA STEWART WHITE, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

The complaint in this counseled prisoner Section 1983 action asserts three counts of deliberate indifference to a serious medical need, as well as a count under Title II of the Americans with Disabilities Act ("ADA") and a count under Section 504 of the Rehabilitation Act of 1973 ("Section 504"). (Doc. 1 at 5-9). The complaint names as defendants: a third-party provider of medical services ("Corizon"); Corizon's associate regional medical director (Hood); a nurse (Gohagen); two wardens (Stewart[1] and Gordy); the commissioner of the department of corrections ("ADOC") (Dunn); and ADOC's associate commissioner for health services (Naglich).

Stewart, Dunn and Naglich filed motions styled as motions to dismiss or, in the alternative, for summary judgment. (Docs. 19, 20). After full briefing, the Magistrate Judge entered a report and recommendation ("R&R") recommending that the motions be granted with respect to the Section 1983 counts (both individual capacity and official capacity) and denied with respect to the ADA and Section 504 claims. (Doc. 30 at 25). The R&R further recommends *sua sponte* that the ADA and Section 504 claims be dismissed as to all individual defendants in their individual capacities, that the ADA claim be dismissed as to Corizon, and

---

[1] It appears the parties agree that the correct name of this defendant is Cynthia Stewart rather than Cynthia Stewart White. (Doc. 30 at 1 n.1).

that the ADA claim be dismissed as to Hood (and perhaps Gohagen) in their official capacity. (*Id*.).[2]

White, Dunn and Naglich filed objections to the R&R to the extent it recommends denial of their dispositive motions as to the ADA and Section 504 claims against them. (Doc. 32). The plaintiff filed no objections, and the time for doing so has long since passed.

The Magistrate Judge concluded that the complaint adequately alleges claims under the ADA and Section 504 based on a failure to make reasonable accommodations in the medical treatment the plaintiff is receiving for his disabilities. (Doc. 30 at 22-24). The movants raise the following objections: (1) the plaintiff abandoned these claims by failing to address them in his opposition brief; (2) the Magistrate Judge identified reasonable accommodation as a legal theory despite the plaintiff's failure to assert such a theory in his brief; (3) the complaint does not adequately plead a claim for failure to make reasonable accommodation; (4) the claims are premature and/or the plaintiff lacks standing; (5) the Magistrate Judge should have treated their motions as motions for summary judgment and, on consideration of the parties' evidence, determined that the movants are entitled to judgment as a matter of law; and (6) as to Stewart, she was not warden at the plaintiff's place of confinement, nor was she in charge of decisions regarding inmate medical care. The Court addresses these objections in turn.

As the Magistrate Judge correctly recognized, (Doc. 30 at 23 n.17), the Court has squarely held that a party does not "abandon" a claim by failing to respond to a motion to dismiss. *Gailes v. Marengo County Sheriff's Department*,

---

[2] The complaint does not clarify whether Gohagen is employed by ADOC or by Corizon. Nor does the complaint allege that Corizon employees are sued in their "official capacities," a term of uncertain import in the private employment context.

2

916 F. Supp. 2d 1238, 1243 (S.D. Ala. 2013).[3] For a contrary proposition, the movants rely on cases the Court has thoroughly dissected in *Gailes* and other cases, and that exercise will not be repeated herein. The plaintiff has not abandoned his claims under Title II and Section 504.

The plaintiff did not address his Title II and Section 504 claims in his brief, instead focusing on his 1983 claims. (Doc. 24). The movants object that the Magistrate Judge therefore acted improperly in construing the former claims as asserting a failure to reasonably accommodate. (Doc. 32 at 3-4). As noted, the plaintiff did not abandon his claims by not addressing them. In such a situation, "the Court will review the merits of the defendant's position and, if it is clearly incorrect or inadequate to satisfy the defendant's initial burden, will deny the motion despite the plaintiff's failure to respond." *Gailes*, 916 F. Supp. 2d at 1243. This is precisely what the Magistrate Judge did; the complaint explicitly accuses the defendants of "fail[ing] to accommodate" the plaintiff in violation of the ADA and Section 504, (Doc. 1 at 4), and the Magistrate Judge did no more than state what was obvious from the face of the complaint.

In their principal brief, Dunn and Naglich (but not Stewart) argued that the complaint fails to allege facts showing the plaintiff was denied access to medical services "by reason of" his disabilities. (Doc. 20 at 4-5). That is, they argued a failure to plead causation adequately. In their objections, however, the movants switch arguments, now insisting that the complaint fails to plead adequately which specific medical services have been denied. (Doc. 32 at 2). The Court hews to its consistent refusal to consider arguments not raised before the Magistrate Judge. *E.g., White v. Thyssenkrupp Steel USA, LLC*, 2010 WL 2042331 at *2 (S.D. Ala. 2010); *see Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district judge has discretion to decline to consider a party's argument when that argument

---

[3] As the Magistrate Judge seems not to have recognized, (Doc. 30 at 21 n.15), the same rule applies in the context of motions for summary judgment. *Gailes*, 916 F. Supp. 2d at 1241-42.

was not first presented to the magistrate judge."); *accord Knight v. Thompson*, 797 F.3d 934, 937 n.1 (11th Cir. 2015).

Dunn and Naglich (but not Stewart) argued before the Magistrate Judge that the plaintiff had no standing to pursue his ADA and Section 504 claims because he has not suffered an injury in fact, that is, the invasion of a legally protected interest that is concrete and particularized as well as actual or imminent. They also argued that any such claim was not ripe because the plaintiff had not shown he tried to resolve the matter before filing suit. (Doc. 20 at 5-7). The Magistrate Judge correctly noted that the movants "do not elaborate on these contentions" and then concluded that the constitutional requirements for standing are present. (Doc. 30 at 8-9). The movants, who offer no argument beyond their original *ipse dixit*, have failed to show that the Magistrate Judge incorrectly found standing;[4] nor have they attempted to show that they can place her in error simply by positing a conclusion and demanding that she provide all the legal research and all the analysis required to support it.

The movants styled their motions as motions to dismiss "and/or in the alternative motion for summary judgment." (Doc. 19 at 1; Doc. 20 at 1). However, the body of their motions invoked only Rules 12(b)(1) and 12(b)(6), not Rule 56. (Doc. 19 at 1-2; Doc. 20 at 1-2). Their motions therefore were properly deemed to be filed under Rule 12 only. While a motion under Rule 12(b)(6) must be treated as one under Rule 56 if matters outside the pleadings are presented to the Magistrate Judge and not excluded by her, Fed. R. Civ. P. 12(d), "not considering such matters is the functional equivalent of excluding them – there is no more formal step required." *Harper v. Lawrence County*, 592 F.3d 1227, 1232

---

[4] The complaint alleges that the plaintiff has gone blind in his left eye due to the defendants' failure to provide needed medical care. It also alleges that the plaintiff is positive for Hepatitis C and that his medical records show a likelihood of hepatic encephalopathy and cirrhosis, for which screening and treatment are warranted. (Doc. 1 at 2-3). It is difficult to understand how these allegations could fail to allege an injury in fact for constitutional purposes.

(11th Cir. 2010 (internal quotes omitted). The Magistrate Judge did not consider any evidentiary materials in resolving the movants' motions regarding the ADA and Section 504 claims and, given how the movants presented their motions (invoking only Rule 12), she was not required to do so.[5]

Stewart sought dismissal of all claims against her in her individual capacity on the grounds that she was not warden at the plaintiff's place of confinement and was not involved in decisions regarding his care. (Doc. 19 at 3). The Magistrate Judge did not reject this argument but found it unnecessary to decide, since Stewart was entitled to dismissal of all claims against her in her individual capacity on other grounds; the remaining ADA and Section 504 claims are pressed against her only in her official capacity, meaning that ADOC, rather than Stewart, is effectively the defendant. (Doc. 30 at 22 n.16).[6] Stewart expresses concern about future "potential findings against her," but plainly that is not possible in an official-capacity context. The Magistrate Judge thus did not err in declining to address the issue of Stewart's personal involvement.

For the reasons set forth above, the movants' objections are **overruled**. After due and proper consideration of the issues raised, and considering *de novo* those portions of the R&R to which objection has been made, the R&R is **adopted** as the opinion of this Court. The movants' motions are **granted** with respect to Counts I, II and III and are in all other respects **denied**. Counts I, II and III (both

---

[5] Indeed, the movants in their briefs did not request that the Magistrate Judge consider their evidentiary materials in connection with the ADA and Section 504 claims. (Doc. 19 at 4-5; Doc. 20 at 4-5, 7). Instead, they addressed their evidentiary submissions only with respect to the Section 1983 counts. (Doc. 19 at 3-4; Doc. 20 at 3-4). As noted in text, even had the movants made such a request, the Magistrate Judge was free not to honor it.

[6] In an official capacity claim, "the real party in interest is the entity." *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1579 (11th Cir. 1994) (internal quotes omitted). Thus, "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. (internal quotes omitted).

individual capacity claims and official capacity claims) are **dismissed** as to defendants Stewart, Dunn and Naglich.

In addition, Count IV is **dismissed** as to all defendants other than state officials sued in their official capacities, and Count V is **dismissed** as to all defendants other than Corizon and state officials sued in their official capacities.

DONE and ORDERED this 16th day of July, 2018.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE